UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DENNIS ZOLONDEK,

    Plaintiff,

v.

STATE OF NEVADA, THE NEVADA *ex rel.* DEPARTMENT OF CORRECTIONS, *et al.*,

    Defendants.

Case No. 2:10-cv-01947-LDG (GWF)

**ORDER**

    The plaintiff, Dennis Zolondek, a former inmate, alleges that the defendants, the State of Nevada ex rel. the Nevada Department of Corrections (NDOC), Glenn Whorton (the former director of NDOC), and Howard Skolnick (current director of NDOC), failed to serve him a kosher diet for a portion of his incarceration. The defendants move to dismiss the suit (#6), which motion Zolondek opposes (#9).

<u>Motion to Dismiss</u>

    The defendants' motion to dismiss, brought pursuant to Fed. R. Civ. P. 12(b)(6), challenges whether the plaintiff's complaint states "a claim upon which relief can be granted." In ruling upon this motion, the court is governed by the relaxed requirement of Rule 8(a)(2) that the complaint need contain only "a short and plain statement of the claim

showing that the pleader is entitled to relief." As summarized by the Supreme Court, a plaintiff must allege sufficient factual matter, accepted as true, "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Nevertheless, while a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*, at 555 (citations omitted). In deciding whether the factual allegations state a claim, the court accepts those allegations as true, as "Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Further, the court "construe[s] the pleadings in the light most favorable to the nonmoving party." *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F3.d 895, 900 (9th Cir. 2007).

However, bare, conclusory allegations, including legal allegations couched as factual, are not entitled to be assumed to be true. *Twombly*, 550 U.S. at 555. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal* 556 U.S. ___, 129 S.Ct. 1937, 1949 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.,* at 1950. Thus, this court considers the conclusory statements in a complaint pursuant to their factual context.

To be plausible on its face, a claim must be more than merely possible or conceivable. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief." *Id.*, (citing Fed. R. Civ. Proc. 8(a)(2)). Rather, the factual allegations must push the claim "across the line from conceivable to plausible." *Twombly.* 550 U.S. at 570. Thus, allegations that are consistent with a claim, but that are more likely explained by lawful behavior, do not plausibly establish a claim. *Id.,* at 567.

Background

Zolondek alleges that he was incarcerated at High Desert State Prison from July 2008 through December 2008.  Prior to his incarceration, he informed officials at High Desert that he would require a kosher diet during his incarceration.  During his incarceration, he made repeated requests using "kite" forms for kosher meals.  He did not receive kosher meals until shortly before his release.

Zolondek alleges three claims arising from the denial of kosher meals.  First, pursuant to 42 U.S.C. §1983, he alleges the denial of kosher meals violated his First, Eighth, and Fourteenth Amendment constitutional rights.  Second, he claims the denial of kosher meals imposed a substantial burden on exercising his religion in violation of the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA), 42 U.S.C. §2000cc *et seq*.  Third, he alleges that the defendants intentionally inflicted emotional distress by denying him the kosher meals.

Analysis - Failure to Exhaust

The defendants argue that the entire suit must be dismissed pursuant to §42 U.S.C. §1997e(a) as the defendant did not exhaust his grievances fully through the prison administrative grievance process before filing this suit.  Section 1997e(a) requires that a prisoner filing a suit must first exhaust his administrative remedies.  Zolondek alleges that he was released from prison prior to the date he filed this suit.  Accepting Zolondek's allegation as accurate, he was not a prisoner when he filed this suit.  Accordingly, §1997e(a) does not govern.  Zolondek was not required to exhaust his administrative remedies before filing this suit.  *See Talamantes v. Leyva*, 575 F.3d 1021, 1024 (9th Cir. 2009).

The defendants further argue that, pursuant to Nev.Rev.Stat. 41.0322, Zolondek's failure to exhaust his administrative remedies precludes him from maintaining his state law claim for intentional infliction of emotional distress.  Section 41.0322 requires that any

3

"person who is or was in the custody of the Department of Corrections" must exhaust his administrative remedies pursuant to Nev. Rev. Stat. 209.243 before proceeding with a tort claim pursuant to Nev. Rev. Stat. §41.031.  Pursuant to §209.243, a person must file an administrative claim with NDOC within six months of the alleged loss.  Pursuant NDOC's Administrative Regulation 740, the administrative grievance procedure involves one informal level of review and two formal levels of review.  Zolondek alleges that he filed repeated "kites" requesting kosher meals, but does not allege that he pursued his claim through the two formal levels of review.  Zolondek does not dispute that he did not pursue his informal complaints through the two formal levels of review.  The Court will dismiss Zolondek's state law claim for intentional infliction of emotional distress, as he has alleged that he was a person who was incarcerated, he has alleged a state-law tort that occurred while he was incarcerated, and he has not alleged that he exhausted his administrative remedies as to that state-law tort that occurred while he was incarcerated.

RLUIPA Claim

Zolondek cannot maintain a claim under RLUIPA for monetary damages.  The Ninth Circuit has recently held that RLUIPA does not authorize monetary damages against defendants in their official capacities.  *Holley v. Cal. Dep't of Corrections*, 599 F.3d 1108, 1112 (9th Cir.2010).  Although the Ninth Circuit has not ruled on the issue, courts in this District have followed the Eleventh, Fifth, Fourth, and Seventh Circuits in holding that state officials cannot be held liable in their individual capacities under RLUIPA.  *See Burriola v. State of Nevada*, 2010 WL 2326118 *13 (D.Nev.2010) (citing *Smith v. Allen*, 502 F.3d 1255 (11th Cir.2007); *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 325 (5th Cir.2009); *Rendelman v. Rouse*, 569 F.3d 182, 184 (4th Cir.2009); *Nelson v. Miller*, 570 F.3d 868, 883–885 (7th Cir.2009)).  Accordingly, the Court will dismiss Zolondek's RLUIPA claim.

4

Section 1983 Claim

The United States Supreme Court has held that state officials cannot be sued in their official capacity since a state is not a "person" under 42 U.S.C. § 1983 and an official capacity suit against a state official is no different from a suit against the state itself. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). The Supreme Court limited this holding, noting that a state official is a "person" under § 1983 if the official-capacity action is for prospective relief. *Id*. at 71, n. 10; Cabrera v. Martin, 973 F.2d 735, 741, (9th Cir. 1992).

The Supreme Court further clarified that a state official is a "person" under § 1983 when the suit is brought against him or her in an individual capacity. *Hafer v. Melo*, 502 U.S. 21 (1991). Whether a suit against a state official is an official-capacity suit, or an individual-capacity suit, is determined by "reference to the capacity in which the state officer is sued, not the capacity in which the officer inflicted the alleged injury." *Hafer*, 502 U.S. at 26.

Zolondek is not seeking prospective relief. Further, he alleges that he has been released from prison, and acknowledges that he began receiving kosher meals before his release from prison. As such, Zolondek cannot obtain prospective relief against any of the defendants. Accordingly, the Court will dismiss Zolondek's §1983 claim against Nevada and against the individual defendants to the extent that he sues them in their official capacity.

To maintain an individual-, or personal-, capacity suit, a plaintiff must show that the state official was personally involved in the deprivation of his federal rights. In *Kentucky v. Graham*, 473 U.S. 159, 163 (1985), the Supreme Court unraveled "once again the distinctions between personal- and official-capacity suits." Official-capacity suits are "'another way of pleading an action against an entity of which an officer is an agent.'" *Id*. at 165 (quoting *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, n. 55,

(1978)). To establish the liability of a governmental entity under § 1983, the plaintiff must show the entity itself was a moving force behind the constitutional violation. "[T]hus, in an official-capacity suit the entity's 'policy or custom' must have played a part in the violation of federal law." *Id*.

In contrast, an individual-capacity suit seeks to hold a state officer liable "for *actions he takes* under color of state law." *Id*. at 165 (emphasis added). "[T]o establish personal liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right." *Id*. at 166. Liability cannot be established on a theory of *respondeat superior*. *Monell*, *supra*; *Polk County v. Dodson*, 454 U.S. 312, 325, (1981). Absent an official's participation or direction in the violation of a plaintiff's constitutional rights, he cannot be held personally liable in an individual-capacity suit under § 1983. *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 680 (9th Cir. 1984). Thus, to state a claim, a plaintiff must allege facts, not conclusions, showing the personal involvement of a defendant. Conversely, a plaintiff fails to state a claim by asserting that a defendant is liable because he or she is the supervisor of another.

Zolondek argues that he has clearly alleged that each of the individual defendants was or currently is the director of the Nevada Department of Prisons. While Zolondek is correct that he has alleged this fact, this fact is insufficient to permit an inference that either of them personally participated in or directed the violation of his constitutional rights. Zolondek <u>argues</u> that the Nevada Department of Corrections displayed a pattern of denying kosher meals, and that the individual defendants had ultimate control over this policy. The argument fails for several reasons. First, Zolondek did not allege these facts in his complaint. Second, even if he had alleged these facts, they would permit an inference that the individual defendants are liable in an official capacity suit for prospective relief. As noted, however, Zolondek cannot maintain an official capacity suit nor obtain prospective relief as he has been released from incarceration after he began receiving kosher meals.

6

Accordingly, the Court will dismiss Zolondek's §1983 claim against the individual defendants to the extent that he sues them in their personal capacity.

Therefore, for good cause shown,

THE COURT **ORDERS** that Defendants' Motion to Dismiss (#6) is GRANTED.

THE COURT FURTHER **ORDERS** that Plaintiff Dennis Zolondek's Complaint is DISMISSED.

DATED this ___29___ day of August, 2011.

_____
Lloyd D. George
United States District Judge